## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| FREDRICK GROSSMITH, | ) | |
| | ) | |
| *PLAINTIFF* | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 07CV12324** |
| | ) | |
| RICHARD NOONAN, IN HIS CAPCITY | ) | |
| AS SERGEANT OF THE FOXBOROUGH | ) | |
| POLICE DEPARTMENT AND | ) | |
| INDIVIDUALLY; JOSEPH McDONALD | ) | |
| IN HIS CAPACITY AS POLICE OFFICER | ) | |
| OF THE TOWN OF FOXBOROUGH | ) | |
| AND INDIVIDUALLY | ) | |
| | ) | |
| *DEFENDANTS* | ) | |

_____

### PLAINTIFF, FREDERICK GROSSMITH'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Frederick Grossmith, hereby submits the following instructions to be read to the jury in the trial in this matter:

**Jury Instruction No. 1**

**Statement of Cause of Action (42 U.S.C. § 1983)**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (*or* other entities) who have been deprived of their constitutional (*or statutory*) *rights under color of state law.*

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[1]

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[2]

---

[1] Section 1983 of Title 42 of the United States Code; Gonzaga Univ. v. Doe, 122 S. Ct. 2268 (2002).

[2] Gonzaga Univ. v. Doe,122 S. Ct. 2268 (2002) ; Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) ; Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) ; Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972) ; Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) .

**Jury Instruction No. 2**

**Burden of Proof**

    I shall shortly instruct you on the elements of plaintiff's section 1983 claim.

    The plaintiff has the burden of proving every element of his section 1983 claim by a preponderance of the evidence.[3]

    The defendant has the burden of proving each element of his affirmative defense. I shall shortly instruct you on the elements of this defense. If you find that any one of the elements of defendant's defense has not been proven by a preponderance of the evidence, you must disregard the defense.

---

[3] <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980).

**Jury Instruction No. 3**

**Elements of a Section 1983 Claim**

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.[4]

I shall now examine each of the three elements in greater detail.

---

[4] Parratt v. Taylor, 451 U.S. 527 (1981); see also Martinez-Velez v. Simonet, 919 F.2d 808 (1st Cir. 1990) .

**Jury Instruction No. 4**

**Action Under Color of State Law  Definition**

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (*or territory or* the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.[5]

---

[5] American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999) ; Adickes v. S.H. Kress Co., 398 U.S. 144 (1970) ; Monroe v. Pape, 365 U.S. 167 (1961) ; Screws v. United States, 325 U.S. 91 (1945) ; United States v. Classic, 313 U.S. 299 (1941) ; Hague v. C.I.O., 307 U.S. 496 (1939) ; Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278 (1913) ; Ex parte Virginia, 100 U.S. 339 (1880) .

**Jury Instruction No. 5**

**State Official Acting Under Color of State Law--Matter in Dispute**

The plaintiff claims that the defendant was acting under color of the law of the Commonwealth of Massachusetts when the defendant allegedly deprived the plaintiff of his constitutional (*or* statutory) right to be free from punishment and the use of excessive force as a detainee under the Fourth Amendment.

In order for an act to be under color of state law, the act must be of such nature and committed under such circumstances that it would not have occurred except for the fact that the defendant was clothed with the authority of the Commonwealth--that is to say, the defendant must have purported or pretended to be lawfully exercising his official power while in reality abusing it.

The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state (officer).[6]

---

[6] Paul v. Davis, 424 U.S. 693 (1976); see also Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122 (1st Cir. 1999); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42 (1st Cir. 1999).

**Jury Instruction No. 6**

**Deprivation of Right General Instruction**

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence:

First, that the defendant committed the acts alleged by plaintiff;

Second, that those acts caused the plaintiff to suffer the loss of a federal right; and,

Third, that, in performing the acts alleged, the defendant acted intentionally and maliciously.[7]

---

[7] <u>Conn v. Gabbert</u>, 526 U.S. 286 (1999 ); <u>Maine v. Thiboutot</u>, 448 U.S. 1 (1980) ; <u>Martinez v. California</u>, 444 U.S. 277 (1980) ; <u>Baker v. McCollan</u>, 443 U.S. 137 (1979) ; <u>Monell v. Department of Social Servs</u>, 436 U.S. 658 (1978); See also <u>Fournier v. Reardon</u>, 160 F.3d 754 (1st Cir. 1998) , cert. denied, 526 U.S. 1065 (1999).

**Jury Instruction No. 7**

**Violation of Fourth Amendment**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being detained. In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the detainment.

In the instant case, the plaintiff claims that he was subjected to excessive force by the defendant when the defendant detained the plaintiff. Again, you first must determine whether the defendant committed the alleged acts. To determine whether the acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the detainment was that which a reasonable officer would have employed in effecting the detainment under similar circumstances. In making this determination, you may take into account whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted detainment or attempted to evade detainment by flight. However, you do not have to determine whether the defendant had less intrusive alternatives available for the defendant need only to have acted within that range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

**State of Mind--General**

I instruct you that, to establish a claim under section 1983 , the plaintiff must show that the defendant acted intentionally or recklessly. If you find that the acts of the

defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant.

### State of Mind--Intentional

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

### State of Mind--Recklessness

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Jury Instruction No. 8**

**Proximate Cause--Generally**

 The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

 In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

 A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

 A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.[8]

---

[8] <u>Grivhan v. Western Line Consolidated School District</u>, 439 U.S. 410 (1979) ; <u>Mt. Healthy City School District Board of Educ. v. Doyle</u>, 429 U.S. 274 (1977) .

**Jury Instruction No. 9**

**Compensatory Damages**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff--you must award actual damages only for those injuries that are a direct result of actions by this defendant and that are a direct result of conduct by defendant which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.[9]

Compensatory damages may include an award for such conscious physical and/or emotional pain and suffering which plaintiff has endured and is likely to

---

[9] Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986) ; Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983) ; Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978) . See also, Davet v. Maccarone, 973 F.2d 22 (1st Cir. 1992) .

continue as a direct consequence of defendant's conduct. Compensatory damages should also include the fair and reasonable value of the expenses necessarily incurred by plaintiff as the result of his injuries as well as any future expenses reasonably certain to be incurred. Plaintiff may also be compensated for the loss of earnings that he has suffered to date as a result of the injuries as well as loss of future earning capacity.

Proper Bases for Award of Damages:

a.    injury or disability

If you find from a preponderance of the evidence that plaintiff is entitled to a verdict, then you should award plaintiff an amount sufficient to compensate him for any bodily injury sustained and any resulting disability or disfigurement experienced in the past or likely to be experienced in the future.

b.    pain and suffering

If you should find that the plaintiff is entitled to a verdict, then you should award him a sum that will reasonably compensate him for any pain, suffering, and mental anguish already suffered by him as a proximate result of the injury in question.

c.    medical or other expenses

If you find that plaintiff is entitled to a verdict, in arriving at the amount of the award, you should include a sum for plaintiff's reasonable and necessary expenditures incurred as a result of this injury. Such expenditures may include payments for medicine and medical services, physicians' and nurses' care, hospitalization, and x-rays (plaintiff claims $81,361.75 in medical expenses).

**Jury Instruction No. 10**

**Punitive Damages**

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

**Jury Instruction No. 11**

**Assault**

An assault is any intentional threat or attempt to cause harm to the person of another, accompanied by the present ability to cause such harm, where as a result of such a threat or attempt the victim is put in reasonable fear of imminent bodily harm. Thus, to find the defendant committed assault on the plaintiff, you must find that the defendant intentionally threatened or attempted to cause harm to the plaintiff, the defendant had the ability to cause him such harm, and the plaintiff reasonably feared defendant would cause him such harm. [10]

---

[10] See Ross v. Michael, 246 Mass. 126, 130, 140 N.E. 292, 293 (1923)

**Jury Instruction No. 12**

**Battery**

A battery is any intentional, harmful, and nonconsensual contact by a person with the person of another. The intent necessary to constitute a battery is not an intent to cause harm, but an intent to do the act that causes the harm. Thus, to find the defendant committed a battery on the plaintiff, you must find that the defendant intended an unpermitted contact, or that the defendant intended to put the plaintiff in fear of such contact, and that the contact took place.[11]

---

[11] See Waters v. Blackshear, 412 Mass. 589, 590-91, 591 N.E. 2d 184, 185 (1992).

**Jury Instruction No. 13**

**Massachusetts Civil Rights Claim**

 The plaintiff in this case alleges that the defendant violated the Massachusetts Civil Rights Act (*G.L. c. 12, § § 11H* and *11I*), which provides, in pertinent part:

> Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, [by any person by means of threats, intimidation or coercion], may [bring an action for money damages].

The Supreme Judicial Court of Massachusetts has concluded that "the Legislature intended to provide a remedy under <u>G.L. c. 12, § 11I</u> coextensive with <u>42 U.S.C. § 1983</u> [except for the state action requirement]."[12]

In order to prevail on a claim under the Massachusetts Civil Rights Act, the plaintiff must prove by a preponderance of evidence the following three elements:

1. His exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth,

2. Has been interfered with, or attempted to be interfered with, by the defendant, and

3. The interference or attempted interference was by threats, intimidation, or coercion.

---

[12] <u>Batchelder v. Allied Stores Corp.,</u> 393 Mass. 819, 822 (1985).

**Jury Instruction No. 14**

**Damages Under Massachusetts Civil Rights**

A plaintiff under G.L. c. 12, § 11I is entitled to compensatory monetary damages.[13]

---

[13] M.G.L. c. 17 § 11I.

**Jury Instruction No. 15**

**False Arrest**

To prove false arrest, the plaintiff must prove the following elements by a fair preponderance of the evidence:

1. that the defendant arrested the plaintiff, and

2. that the arrest was without probable cause.

In an action for illegal or false arrest, the burden is on the defendant to show justification.

An arrest supported by probable cause is not a false arrest for purposes of imposing civil liability on an officer where the arrestee is later determined to be innocent.

An arrestee who is later found innocent cannot recover for negligence so long as the arrest is supported by probable cause.

In an action for false arrest, the defendant is liable for the damages that are the direct result of [his/her] wrongful conduct. Such damages include the value of time spent in confinement.

Such damages also include bodily suffering, if any, and injuries to the plaintiff's feelings occasioned by the wrongful act.   The plaintiff may recover for [his/her] emotional distress, if any, including shame, humiliation, and mental anguish.

**Jury Instruction No: 16**

**Malicious Prosecution**

In this case the plaintiff claims that the defendant maliciously instituted a prior legal proceeding against [him/her] and that [he/she] suffered harm as a result. In order to recover, the plaintiff must prove the following four elements by a fair preponderance of the credible evidence:

1. that the defendant instituted a prior criminal or civil proceeding against the plaintiff;

2. that the institution of the prior proceeding was done without probable cause;

3. that the institution of the prior proceeding was done with malice; and

4. that the prior proceeding terminated in favor of the plaintiff.

If the plaintiff has proved each of these four elements by a preponderance of the evidence, your verdict shall be for the plaintiff, and you shall go on to determine the amount of money damages to be awarded the plaintiff. If the plaintiff has failed to prove any one of the elements, your verdict shall be for the defendant.

The first element which the plaintiff must prove is that the defendant instituted a prior proceeding against [him/her]. A person institutes a criminal proceeding by signing and swearing to a written complaint.  A person institutes a civil action by mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or by filing such complaint and entry fee with such clerk.

The defendant may be held to have instituted a criminal complaint, even though a police officer signed and swore to the written complaint, if the defendant induced the police to do so, and the police acted in good faith on the defendant's information. However, the defendant must have, in some sense, initiated the prosecution. The mere transmission of

information to a police officer who, using his or her independent judgment, then pursues the matter and institutes criminal proceedings, is not sufficient to support an action for malicious prosecution.

If a citizen communicates to the police a belief that a crime has been committed and leaves the matter to the judgment and responsibility of the public officers, that citizen, though having started the chain of events that led to legal process, cannot be charged with malicious prosecution. If, on the other hand, the citizen presses the police to apply for a complaint, then action for malicious prosecution lies against the importuning citizen, provided that all other elements of the tort are present.

A defendant is not liable for malicious prosecution when a police officer acts entirely upon [his/her] own judgment and responsibility as a public officer; however, if it is shown that the officer is not expected to exercise [his/her] judgment and responsibilities as a public officer, the defendant is responsible for the officer's subsequent act.

The second element the plaintiff must prove is that the defendant instituted the prior proceeding without probable cause. "Probable cause" is such a state of facts in the mind of one instituting criminal proceedings as would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person charged is guilty. It is the person's honest and reasonable belief, not the actual state of things, that governs.

Probable cause requires not only a subjective belief that another has committed a crime, but also objective facts that provide reasonable support for that belief.  n8 The standard in a malicious prosecution action for determining whether a person has probable cause to complain is objective in the sense that if the facts known by that person would have justified a reasonable person in thinking that the crime had been committed, then the complaint is warranted.

The defendant's "belief" in the plaintiff's guilt, which is a necessary part of "probable cause," does not mean that the defendant was certain of the plaintiff's guilt. In determining whether a defendant's belief that the plaintiff in a malicious prosecution action committed a crime was reasonable in an objective sense, examination should be made of information known to the defendant at the time that [he/she] instituted the complaint. Included in such inquiry is the question of whether it was reasonable for the defendant to have relied upon that information, given its quality, quantity, and the availability of additional information.

The defendant's conduct must be judged by [his/her] honest and reasonable belief at the time [he/she] instituted the complaint, rather than by what may turn out later to have been the actual state of things.

The third element the plaintiff must prove is that the defendant acted maliciously in instituting the prior proceeding against [him/her]. To act with "malice" means to act with an improper motive. An improper motive may be one of vexation, harassment, or annoyance. It may include attempting to achieve an unlawful end, or a lawful end through an unlawful means. A motive to injure another, or to vent one's ill will on [him/her] is an improper motive.

The fourth element the plaintiff must prove is that the prior proceeding was terminated in [his/her] favor. An acquittal on the charges against [him/her] (or, if in a civil action, a jury verdict in plaintiff's favor) constitutes termination in the plaintiff's favor.

If the plaintiff has proved the four elements as explained earlier by a fair preponderance of the credible evidence, then you must go on and determine the amount of money damages to be awarded to the plaintiff.

In a case where there has been a malicious prosecution, the law provides that the plaintiff may recover all damages that are the direct result of the malicious prosecution. Thus, the plaintiff is entitled to recover for [his/her] actual costs incurred, including counsel fees, in

defending the previous action.  n1 In addition, the plaintiff may recover compensatory damages for [his/her] loss of earnings, harm to [his/her] reputation, and for the emotional distress suffered as a result of the malicious prosecution.

**Jury Instruction No: 17**

**Intentional Infliction of Emotional Distress**

In this case, the plaintiff is claiming that the defendant, Richard Noonan intentionally or recklessly caused infliction of emotional distress when falsely arresting the plaintiff for killing and animal and cruelty to animals.

In order to recover, the plaintiff must prove by a preponderance of the evidence that:

1. the defendant intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from [his/her] conduct;

2. the defendant's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3. the defendant's conduct caused the plaintiff's emotional distress, and

4. the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress.


In order to prove intentional infliction of severe emotional distress, the plaintiff must prove that the defendant acted either with the desire or knowledge that emotional distress would result from [his/her] conduct or that [he/she] should have known that [his/her] conduct would cause the plaintiff to suffer emotional distress.

"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.

What is extreme and outrageous is for you to consider, given all the facts. For instance, outrageous behavior may be found by a repeated series of incidents, even if those incidents, when taken individually, might not be sufficiently extreme. Also, conduct otherwise reasonable may give rise to liability when it is directed at a person known to the defendant to be particularly susceptible to emotional distress because of some physical or emotional vulnerability.

If you find that the plaintiff has satisfied each and every element of [his/her] claim for intentional infliction of emotional distress, you must consider the issue of damages. The rule of damages is a practical instrumentality for the administration of justice. Its object is to afford the equivalent in money for the actual loss caused by the wrong of another. You must consider what amount of money would be full, fair and reasonable based on all the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.

Respectfully submitted,
The Plaintiff, Frederick Grossmith
By his Attorneys,

*/s/ Theodore H. Goguen, Jr.*

_____
Theodore H. Goguen, Jr., Esq.
BBO #196740
P.O. Box 390918
Cambridge, MA 02139
Tel: (617) 338-4903

Date:   April 1, 2009