**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FREDRICK GROSSMITH, ) | |
|  ) | |
| *Plaintiff* ) | |
|  ) | |
| v.  ) | **Civil Action No.: 07CV12324** |
|  ) | |
| RICHARD NOONAN, IN HIS CAPCITY ) | |
| AS SERGEANT OF THE FOXBOROUGH ) | |
| POLICE DEPARTMENT AND ) | |
| INDIVIDUALLY; JOSEPH McDONALD ) | |
| IN HIS CAPACITY AS POLICE OFFICER ) | |
| OF THE TOWN OF FOXBOROUGH ) | |
| AND INDIVIDUALLY ) | |
|  ) | |
| *Defendants* ) | |

### PLAINTIFF, FREDERICK GROSSMITH MOTION IN LIMINE TO EXCLUDE PHOTOGRAPH EVIDENCE AND EVIDENCE OF THE DOG'S PASSIVE NATURE

Now comes the Plaintiff, Frederick Grossmith, and files this motion in limine to exclude any and all evidence of Beverly Wigmore's dog's (the "dog") calm and passive nature and also to exclude any and all photographs of Beverly Wigmore's dog by the Defendants.

The Plaintiff anticipates that the Defendants will attempt to introduce evidence by way of testimony and extrinsic evidence of the dog's passive and calm nature and also photographs of the dog that the Plaintiff shot. The Plaintiff claims any evidence that the dog was calm and passive and any photographs are irrelevant to the issues at hand. This is a case of, among other claims, excessive force and false arrest. The Plaintiff was attacked by Ms. Wigmore's dog. The dog then began to attack the Plaintiff's dog and the

1

Plaintiff shot the dog.  There is no dispute the dog attacked the Plaintiff or that the Plaintiff shot the dog.  Therefore the Plaintiff contends evidence of the dog's calm nature and any and all photographs of the dog, whether taken while the dog was a puppy or later in life or after the dog was dead, should be excluded from trial because they are irrelevant.

In the event this Court deems photographs of the dog, relevant, they should nonetheless be excluded from trial on the basis that any probative value it may carry is substantially outweighed by its prejudicial effect. (*See* Fed.R.Evid. 403(b)).

Federal Rules of Evidence 403 (hereafter Rule 403) states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Advisory Committee's commentary on Rule 403, Federal Rules of Evidence, states: "Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." The weighing of the probative value of evidence against its possible prejudicial effect is committed to the discretion of the trial court.  Rule 403 authorizes the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice.

The Plaintiff contends evidence of the dog's calm nature or introduction or use of these photographs may confuse the issues at hand and mislead the jury into rendering a verdict based upon sympathy and not based upon the facts of the case.

**WHEREFORE**, the Plaintiff, Frederick Grossmith, respectfully requests this Honorable Court exclude any and all photographs of the dog from trial.

> Respectfully submitted,
> The Plaintiff, Frederick Grossmith
> By his Attorneys,
>
> /s/ Theodore H. Goguen, Jr
> _____
> Theodore H. Goguen, Jr., Esq. BBO #196740
> P.O. Box 390918
> Cambridge, MA 02139
> Tel: (617) 338-4903
>
> /s/ Charles S. Pappas
> _____
> Charles S. Pappas, Esq. BBO # 663281
> 2 Pleasant Street
> South Natick, MA 01760
> Tel: (508) 652-8000

Date: April 2, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served upon the attorney of record for each party by filing through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) on the 2nd day of April 2009.

> /s/ Theodore H. Goguen, Jr.
> _____
> Theodore H. Goguen, Jr., Esq.